UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GERALD THOMPSON,<br>Plaintiff,<br><br>vs.<br><br>OHIO DEPARTMENT OF<br>REHAB. & CORR., et. al.,<br>Defendants. | Case No. 1:18-cv-024<br><br>Dlott, J.<br>Litkovitz, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

**REPORT AND RECOMMENDATION**

Plaintiff Gerald Thompson, an inmate currently incarcerated at the Southern Ohio Correctional Facility (SOCF), has filed a motion for leave to proceed *in forma pauperis* in connection with a prisoner civil rights complaint brought pursuant to 42 U.S.C. § 1983. (Doc. 1). In the complaint, plaintiff seeks to name as defendants "all previously named defendants" in his cases filed in the Southern District of Ohio and in the Ohio Court of Claims, as well as other named SOCF defendants. (*See* Doc. 1-1, Complaint at PageID 9–10). For the reasons below, the undersigned recommends that plaintiff's motion for leave to proceed *in forma pauperis* be denied.

As an initial matter, the Court should deny the motion for plaintiff's failure to truthfully disclose that he has had three or more prior lawsuits dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. In his affidavit, plaintiff—a frequent filer in this Court[1]—avers that he has not had three or more prior lawsuits dismissed as frivolous, malicious, or for failure to state a claim. (*See* Doc. 1 at PageID 7). However, plaintiff's complaints in the following three cases have been dismissed for failure to state a claim upon which

---

[1] Including this case, plaintiff has filed six lawsuits in the Southern District of Ohio and one in the Northern District of Ohio. *See Thompson v. Bennett*, Case No. 2:17-cv-461 (S.D. Ohio May 26, 2017) (Smith, J.; Deavers, M.J.); *Thompson v. Bunch*, Case No. 1:16-cv-770 (S.D. Ohio July 22, 2016) (Black, J.; Litkovitz, M.J.); *Thompson v. Erdos*, Case No. 1:16-cv-812 (S.D. Ohio Aug. 8, 2016) (Dlott, J.; Bowman, M.J.); *Thompson v. Koch*, Case No. 1:15-cv-1746 (N.D. Ohio Aug. 28, 2015) (Gwin, J.); *Thompson v. Esham*, Case No. 1:15-cv-553 (S.D. Ohio Aug. 24, 2015) (Barrett, J.; Bowman, M.J.); *Thompson v. Ohio Dep't Rehab. and Corr.*, Case No. 1:14-cv-935 (S.D. Ohio Dec. 8, 2014) (Dlott, J.; Bowman, M.J.).

relief may be granted: *See Thompson v. Bennett*, Case No. 2:17-cv-461 (S.D. Ohio Nov. 3, 2017) (Smith, J.; Deavers, M.J.) (Doc. 44); *Thompson v. Erdos*, Case No. 1:16-cv-770 (S.D. Ohio Jan. 3, 2017) (Black, J.; Litkovitz, M.J.) (Doc. 19); *Thompson v. Koch*, Case No. 1:15-cv-1746 (N.D. Ohio Oct. 20, 2015) (Gwin, J.) (Doc. 3).

In other cases in which a plaintiff has failed to truthfully disclose his or her prior dismissals, district courts have dismissed the action without prejudice. *See, e.g., Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir. 2010) (affirming the dismissal of a prisoner complaint without prejudice "as an abuse of judicial process and issuing a strike" when prisoner failed to disclose all prior cases); *Henry v. Ralph*, No. 4:12-cv-531, 2013 WL 3811197, *1, 2 (N.D. Florida July 20, 2013) (dismissing the plaintiff's complaint "as a sanction for the plaintiff's abuse of the judicial process in not providing true factual statements about his prior litigation pursuant to 28 U.S.C. § 1915(e)(2)); *James v. Dep't of Corr.*, No. 3:06-cv-25, 2006 WL 1553800 at *1, 2 (N.D. Fla. June 1, 2006) (dismissing case without prejudice in response to the plaintiff's false responses regarding prior actions). In this case, the undersigned recommends that the Court deny plaintiff's application rather than dismissing the action without prejudice. However, plaintiff is notified that future misrepresentations made to the Court may result in sanctions issued against him. *See* Fed. R. Civ. P. 11.

A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. Thompson is prohibited by § 1915(g) from proceeding *in forma pauperis* in this case because, as noted above, three prior complaints filed by him while he has been a prisoner were dismissed with prejudice at the screening stage for failure to state a claim upon which relief may be granted. *See Thompson v. Bennett*, Case No. 2:17-cv-461 (S.D. Ohio Nov. 3, 2017) (Smith, J.; Deavers, M.J.) (Doc. 44); *Thompson v. Erdos*, Case No. 1:16-cv-770 (S.D. Ohio Jan. 3, 2017) (Black, J.; Litkovitz, M.J.) (Doc. 19); *Thompson v. Koch*, Case No. 1:15-cv-1746 (N.D. Ohio Oct. 20, 2015) (Gwin, J.) (Doc. 3). The previous three screening dismissals prevent the plaintiff from obtaining pauper status in the instant action.

In view of his three "strikes," Mr. Thompson may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." Under the plain language of the statute, plaintiff must be in imminent danger at the time that he seeks to file his suit in federal court to qualify for the exception to the "three strikes" provision of § 1915(g). *See Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011) (and cases cited therein) (holding in accordance with other circuit courts that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"); *accord Chavis v. Chappius*, 618 F.3d 162, 169 (2nd Cir. 2010) (citing *Malik v. McGinnis*, 293 F.3d 559, 563 (2nd Cir. 2002)); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Chase v. O'Malley*, 466 F. App'x 185, 186-87 (4th Cir. 2012) (per curiam). *Cf. Pointer*

3

*v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315.

The Court is unable to discern from plaintiff's complaint any facts showing he meets the statutory exception. The thirty-five page complaint is rambling and contains a multitude of factual allegations, spanning from 2005 to present, concerning incidents in SOCF and the Madison Correctional Institution, where plaintiff was previously located. Plaintiff's allegations are largely repetitive of his prior cases filed in this Court and are insufficient to demonstrate any immediate or impending serious physical injury in existence at the time he commenced this action.

In the complaint, plaintiff claims he has been subject to religious discrimination, defamation of character,[2] denied the right of association, and subjected to retaliation on the basis of his filing his prior complaints. (*See* Doc. 1, Complaint at PageID 9, 14). Plaintiff further raises claims regarding the conditions of his confinement, loss of property, as well as the denial of commissary. (*Id.* at PageID 11, 22).

Consistent with his prior filings in this Court,[3] plaintiff claims that he was brought to SOCF solely to be harmed by ongoing mental experimentation, which he claims has gone on since 2005 and he refers to throughout the complaint as "diabolical dog training practices/rituals," "experiments of enforced homo sexual perversion and enforcing into suicide," or "dog/cannibal

---

[2] As he alleges in at least one of his prior complaints, plaintiff claims that he is falsely portrayed as a cannibal of women. (Doc. 1-1, Complaint at PageID 16, 20). *See also Thompson v. Erdos*, Case No. 1:16-cv-812 (S.D. Ohio Nov. 29, 2016) (Doc. 11 at PageID 92) (detailing plaintiff's allegation that he was falsely portrayed to be "an ole school weirdo hot like a dog in heat who ate his wife as a cannibal").

[3] *See Thompson v. Erdos*, No. 1:16-cv-812 (S.D. Ohio Aug. 1, 2017) (Doc. 38 at PageID 321, n.2) (noting that the claims in that case "bear more than a passing resemblance" to claims presented in plaintiff's prior cases, including alleged "big dog/pet cannibal dehumanizing practices.").

brainwashing." (*Id.* at PageID 11, 15, 19).[4] Plaintiff further claims that he has been harmed by computer technology, is under surveillance, and has been brainwashed to believe he has committed crimes. (*Id.* at PageID 21). Plaintiff also recounts many of the factual allegations underlying his prior lawsuits in the complaint (*see id.* at PageID 18–19, 21, 22), and appears to contend that the practices and character defamation are used against him in retaliation for filing his prior lawsuits. (*See id.* at PageID 14–15, 20).

As he has in several of his prior complaints, plaintiff also contests his security status classification[5] and claims he is in need of protective custody placement "due to racial hatred inflaming nature of my high profile criminal case . . . that received global coverage & live courtroom telecast portraying me as a radical Muslim who beheaded his white wife."[6] (*Id.* at PageID 12). However, plaintiff has not alleged that he requested or was denied protective custody by any named defendant in this action. The undersigned further notes that plaintiff is currently litigating his claim that he was improperly denied protective custody against specifically named defendants in case number 1:16-cv-812. *See Thompson v. Erdos*, No. 1:16-cv-812 (S.D. Ohio Nov. 29, 2016) (permitting plaintiff to proceed with a "failure to protect claim against defendants Cool and Davis, based on their alleged failure to provide him with protective custody").

---

[4] Plaintiff describes "the diabolical bold and very flagrant rituals [and] practices of dog training: whistling carrying food trays chewing and walking precious women on the ranges as pieces of meat." (*Id.* at PageID 16).

[5] Plaintiff has contested his security classification in at least three of his prior cases. *See Thompson v. Erdos*, No. 16-812 (Doc. 11 at PageID 94, 99–100); *Thompson v. Erdos*, No. 16-770 (Doc. 16 at PageID 159–60); *Thompson v. Ohio Dep't Rehab. and Corr.*, No. 1:14-cv-935 (Doc. 11 at PageID 104–105).

[6] *See Thompson v. Ohio Dep't. Rehab. and Corr.*, No. 14-935 (Doc. 11 at PageID 100) ("Plaintiff further alleges that because of his 'high profile' criminal case, he has been improperly designated as a violent sexual predator, 'psycho cannibal murderer of white women,' which 'caused mental health to put him on the case load.'").

Finally, to the extent that plaintiff seeks to name all defendants previously named in his prior lawsuits and reasserts allegations occurring in the past, these allegations are insufficient to satisfy the imminent danger exception.[7] *See Percival v. Gerth*, 944 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception.").

Accordingly, in sum, because plaintiff has failed to allege particular facts showing any immediate or impending serious physical injury in existence at the time he commenced this action, he does not meet the exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

For these reasons, plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) should be denied under 28 U.S.C. § 1915(g).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 1) be **DENIED.**

2. Plaintiff be ordered to pay the full $400 fee ($350 filing fee plus $50 administrative fee) required to commence this action within thirty (30) days, and that plaintiff be notified that his failure to pay the full $400 fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 2/1/2018

Karen L. Litkovitz
United States Magistrate Judge

---

[7] This includes plaintiff's allegation that he was attacked by another inmate on January 8, 2018. (Doc. 1-1, Complaint at PageID 36). As noted above, plaintiff is already litigating his claim that he was improperly denied protective custody in Case No. 16-812, which is currently pending before the Court.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD THOMPSON,
    Plaintiff,

vs.

OHIO DEPARTMENT OF
REHAB. & CORR., et. al.,
    Defendants.

Case No. 1:18-cv-024

Dlott, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).