UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD THOMPSON,　　　　　　　　　　　Case No. 1:18-cv-24
　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　　Dlott, J.
　vs.　　　　　　　　　　　　　　　　　　Litkovitz, M.J.

OHIO DEPARTMENT OF　　　　　　　　　　**REPORT AND**
REHAB. & CORR., et al.,　　　　　　　　**RECOMMENDATION**
　　Defendants.

On March 12, 2018, the Court denied plaintiff's motion to proceed *in forma pauperis* in this matter pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g) and ordered plaintiff to pay the $400.00 filing fee within thirty (30) days. (Doc. 4). Plaintiff was notified that the failure to pay the full filing fee within thirty days would result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

To date, plaintiff has failed to pay the $400.00 filing fee in this matter as ordered by the Court.[1] Accordingly, this case should be dismissed for plaintiff's failure to pay the $400.00 filing fee. *In re Alea*, 286 F.3d at 382. Plaintiff remains liable for and should be assessed the full filing fee of $400.00. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). *See also In re Alea*, 286 F.3d at 382.

---

[1] On March 23, 2018, plaintiff filed an amended complaint. (Doc. 6). In the complaint, plaintiff reiterates his claims that he is subject to religious discrimination, a "campaign of harassment" for filing prior lawsuits, and "whistling rituals." (*See* Doc. 6, at PageID 101–102). These claims were addressed in the Court's February 1, 2018 Report and Recommendation, and in the adjudication of many of plaintiff's prior complaints. (*See* Doc. 2, at PageID 51–52). Plaintiff also seeks to add defendants "C.O. Johnson" and "Sgt. Booth," based on an alleged incident occurring on February 15, 2018, after plaintiff commenced this action. (*See* Doc. 6, at PageID 100). Plaintiff alleges that Johnson unlawfully used handcuffs on him and that Booth sprayed him with a large can of mace. (*See* Doc. 6, at PageID 101-103). As in his original complaint, plaintiff also claims that he was attacked by another inmate on January 8, 2018. (*See* Doc. 2 at PageID 52, n.7). To the extent that plaintiff alleges that these allegations are sufficient to satisfy the exception to the "three strikes" provision for an inmate under "imminent danger of serious physical injury," 28 U.S.C. § 1915(g), the undersigned disagrees. *See Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (stating that conclusory assertions and allegations of past harms are insufficient to show imminent harm). Because plaintiff has failed to allege particular facts showing immediate and impending serious physical injury in existence at the time he commenced this action or at the time of filing his amended complaint, he does not meet the exception to the "three strikes" rule.

### IT IS THEREFORE RECOMMENDED THAT:

1. This case be dismissed for plaintiff's failure to pay the full filing fee as ordered by the Court.

2. Plaintiff be assessed the full filing fee of $400.00.

3. The Clerk of Court be **DIRECTED** to mail a copy of any Order adopting this Report and Recommendation, along with the attached instructions, to the Cashier of the Southern Ohio Correctional Facility, in Lucasville, Ohio, and that the Cashier be directed as follows:

> The prison's Cashier shall deduct, and forward to the Clerk of Court, 20% of the preceding month's income credited to plaintiff's account each time the amount in the account exceeds $10.00 until the full fee has been paid.[2]

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. See *McGore*, 114 F.3d 601.

Date: 4/26/18

Karen L. Litkovitz
United States Magistrate Judge

---

[2] The prison cashier's office shall not send payments aggregating more than the amount of the full fee.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

### INSTRUCTIONS FOR PAYMENT OF PRISONER FILING FEE

The prisoner shown as the plaintiff on the attached order owes the court a fee.   Pursuant to 28 U.S.C. § 1915 and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the fee is to be paid as follows:

> The prison cashier shall forward to the Clerk of Court located in Cincinnati, Ohio monthly payments of twenty percent (20%) of the preceding month's income credited to the prisoner's account each time the amount in the account exceeds ten dollars ($10.00) until the full fee of four hundred dollars ($400.00) has been paid to the Clerk of the Court. Payments should be forwarded to the address below.

If the prisoner has filed more than one case, he is required to pay a fee in each case.   The prison cashier's office shall make the monthly calculations and payments for each case in which it receives an order granting *in forma pauperis* status or otherwise ordering the collection of the full filing fee.

*The prisoner's name and case number **must** be noted on each remittance.*

Checks are to be made payable to:   **Clerk, U.S. District Court**.

Checks are to be sent to:

> **Prisoner Accounts Receivable**
> **103 Potter Stewart United States Courthouse**
> **100 East 5th Street**
> **Cincinnati, Ohio   45202**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD THOMPSON,
    Plaintiff,

vs.

OHIO DEPARTMENT OF
REHAB. & CORR., et al.,
    Defendants.

Case No. 1:18-cv-24

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).